IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                          Cr. No. 01-964 JP

ROMAN MORAGA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On February 6, 2002, the Defendant filed his Motion for Disclosure of Confidential Informants (Doc. No. 36). The Defendant argues that the Confidential Informant (C.I.) information is exculpatory, or at least, is relevant material information which will assist the Defendant in the preparation of his defense. The Defendant contends that the C.I. information could be interpreted to indicate that the C.I. had control over the vehicles at issue, and the C.I. either placed or knew who placed the drugs, gun, and ammunition in the vehicles without the knowledge of the Defendant. If the Court is not inclined to immediately order the United States to release the C.I. information to the Defendant, the Defendant asks in the alternative that the Court conduct an *in camera* examination of the C.I. to determine the relevance of the C.I.'s information to the defense and make a record of the examination with the record being either sealed or released to the Defendant. The Defendant also requests the Court to ask for the following information at an *in camera* examination: the manner in which the C.I. came to possess the information about the location of the contraband; the reason for and the manner in which the payment was made to the C.I. and by what agency; and information about the C.I.'s prior contracts with law enforcement officials.

The United States does not object to producing the C.I. for an *in camera* inspection, provided that the record of that examination is sealed and kept in the custody of the Court. The United States notes, however, that there is only one C.I. and that the C.I. is a tipster rather than a participant witness. The United States also notes that it will not call the C.I. as a witness at a motion hearing or at trial. Moreover, the United States states that it has not and will not rely on the C.I.'s information to support any element of proof at trial. In addition, the United States states that the C.I. does not have a criminal record, except for some traffic violations, and the C.I. was paid about $200.00 for his information.

On March 19, 2002, I held a hearing on Defendant's Motion for Disclosure of Confidential Informants. Assistant United States Attorney Jim Tierney represented the United States at the hearing. Assistant Federal Public Defender Judy Rosenstein represented the Defendant who was present at the hearing. I deferred ruling on the Defendant's motion until I received additional information from Mr. Tierney. On March 25, 2002, Mr. Tierney informed me by letter that the C.I. who spoke with Special Agent Masters and Special Agent Jennifer Sparks was the same person, and that subsequent to providing the information in this case the C.I. was paid $200.00.[1]

The Tenth Circuit in *United States v. Gordon*, 173 F.3d 761, 767 (10th Cir.), *cert. denied*, 528 U.S. 886 (1999) stated the following regarding the disclosure of C.I. information:

> A defendant seeking to force disclosure of an informant's identity has the burden to show the informant's testimony is relevant or essential to the fair determination of defendant's case. In determining whether to require disclosure, a court must balance the public interest in protecting the flow of information against the

---

[1] The C.I. was paid a total of $500.00, $300.00 of which was for information regarding cases other than this one.

2

individual's right to prepare his defense. The court conducts this balancing in light of the crime charged, the possible defenses, and the significance of the informant's testimony. Where it is clear that the informant cannot aid the defense, the government's interest in keeping secret [the informant's] identity must prevail over the defendant's asserted right of disclosure.

*Id.* (citing *Roviaro v. United States*, 353 U.S. 53, 62 (1957) and *United States v. Sinclair*, 109 F.3d 1527, 1538 (10th Cir.1997)) (internal quotation marks omitted); *see also United States v. Leahy*, 47 F.3d 396, 398 (10th Cir.1995) (stating that the testimony of a confidential informant "must be shown to be valuable to a defendant; mere speculation is not enough"). The Tenth Circuit also stated that disclosure is not permissible if the C.I. "has limited information, was not present during commission of the offense, and cannot provide any evidence that is not cumulative or exculpatory." *See Gordon*, 173 F.3d at 767-68 (collecting cases).

As a preliminary matter, I find that an *in camera* examination of the C.I. is unnecessary. I also find that the Defendant has not carried his burden of showing that the C.I.'s information is essential to the fair determination of the Defendant's case. I, therefore, conclude that the public interest in protecting the flow of information outweighs the Defendant's right to fish for information in the hope that it might help his defense.

IT IS ORDERED that Defendant's Motion for Disclosure of Confidential Informants (Doc. No. 36) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE